COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Alston and Retired Judge Coleman[*]


TAMENA WILSON

                                                    MEMORANDUM OPINION[**]
v.      Record No. 2344-11-1                              PER CURIAM
                                                    SEPTEMBER 4, 2012
FITZGERALD BRITTON


            FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                      Everett A. Martin, Jr., Judge

            (Tamena G. Wilson, *pro se*, on brief).

            (Jennifer E. Peterson; Emily M. Munn, Guardian *ad litem* for the
            minor child; Peter Imbrogno & Associates, P.C., on brief), for
            appellee.


      Tamena Wilson (mother) appeals a final decree awarding legal and physical custody of the

parties' child to Fitzgerald Britton (father) and finding mother violated a prior order.  Mother argues

that the trial court erred by (1) convicting her of contempt of an order "when the evidenced [sic]

does not support that the order imposed a clearly defined duty on the defendant"; (2) admitting into

evidence an expert's report because the report was "incomplete and inaccurate"; (3) omitting an

expert's report from evidence when the report contained evidence that would be relevant to the best

interests of the child; (4) modifying a custody order because the trial court failed to find that there

was a change of circumstances justifying a change in custody and that the change in custody was

not in the child's best interests; and (5) ordering mother pay a portion of the guardian *ad litem*'s

---

      [*] Retired Judge Coleman took part in the consideration of this case by designation
pursuant to Code § 17.1-400(D).

      [**] Pursuant to Code § 17.1 413, this opinion is not designated for publication.

(GAL) fee.[1]  Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

## BACKGROUND[2]

Mother and father have one child together.  They never married.  In 2006, the juvenile and domestic relations district court (the JDR court) awarded joint legal custody to mother and father, with physical custody to mother.  Father had liberal and reasonable visitation.

In 2007, father was awarded a specific visitation schedule.  In 2008 and 2009, both parties filed motions to amend, and father filed motions for show causes.  He alleged that mother was denying him visitation.  In May 2010, the JDR court awarded joint legal custody to the parties with primary physical custody to father.  The JDR court set a visitation schedule for mother.  The JDR court also ruled on the show causes and found mother in contempt.  Mother appealed the JDR court's decisions to the trial court.

On August 27, 2010, the parties entered into a consent order, wherein mother and father agreed to submit to a parental capacity and psychological evaluation by Dr. Brian K. Wald, Psy.D.  Dr. Wald prepared a written report dated January 11, 2011.  Mother subsequently objected to the report and sought an independent evaluation by Dr. James F. Lassiter, Ph.D.

---

[1] On May 30, 2012, appellant filed a motion for leave to amend brief.  Appellee filed a response in opposition.  Upon consideration thereof, we deny appellant's motion.

[2] Mother timely filed transcripts for the September 26 and 27, 2011 hearings.  She also timely filed a transcript of the ruling for the April 5, 2011 hearing.  On February 3, 2012, mother filed transcripts of hearings from March 9, 2010, April 26, 2010, May 25, 2010, April 5, 2011, and July 13, 2011.  On March 16, 2012, appellee filed an objection to appellant's submission of these transcripts.  Upon consideration thereof, we find that the transcripts from the hearings on March 9, 2010, April 26, 2010, May 25, 2010, April 5, 2011, and July 13, 2011 were not timely filed pursuant to Rule 5A:8 and are not part of the record.

The final hearing was scheduled for April 5, 2011, but father sought a continuance due to an injury to the child that he discovered the previous day. The trial court granted the continuance and entered a temporary order awarding father sole legal and physical custody and suspended mother's visitation. The trial court also ordered both parties to be equally responsible for the GAL's fees. Mother's counsel signed the order as "Seen and objected," with no specific objections.

On August 31, 2011, the trial court granted supervised visitation to mother, so long as she attended at least one counseling session. Mother's counsel signed the order as "Seen and objected," with no specific objections.

On September 26 and 27, 2011, the trial court conducted a final hearing on custody, visitation, and the show causes. Each party submitted written closing arguments. On October 21, 2011, the trial court issued its letter opinion and final decree, awarding sole legal and physical custody of the child to father. Mother's visitation was "subject to her completing such counseling as the Norfolk Juvenile and Domestic Relations District Court ("District Court") Service Unit shall prescribe and under such terms as the District Court shall order." The trial court further found that mother "violated the District Court's order of November 2, 2007, but no sanction is imposed." The trial court denied mother's motion to amend and dismissed her show cause. The trial court awarded the GAL a fee of $4,890, and each party was ordered to pay one-half. The trial court waived the endorsement of counsel pursuant to Rule 1:13. Mother did not submit any objections to the order and did not file a motion to reconsider. This appeal followed.

ANALYSIS

Assignment of Error 1:  Rule 5A:18

In her first assignment of error, mother argues that the trial court "erred in convicting [her] of contempt of an order, when the evidenced [sic] does not support that the order imposed a clearly defined duty on [her]."  Mother first raises this issue on appeal.  In her brief, mother refers to a portion of her written closing argument to show where she preserved this issue; however, her closing argument focused on father's credibility, not whether the order clearly defined her duty.

We "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).  "The purpose of Rule 5A:18 is to allow the trial court to correct in the trial court any error that is called to its attention."  Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (en banc).

Therefore, we will not consider this issue.

Assignment of Error 2:  Dr. Wald's report

Mother argues that the trial court erred in admitting Dr. Wald's report into evidence because the report was incomplete and inaccurate.

"Generally, the admissibility of evidence 'is within the broad discretion of the trial court, and an [evidentiary] ruling will not be disturbed on appeal in the absence of an abuse of discretion.'"  Surles v. Mayer, 48 Va. App. 146, 177, 628 S.E.2d 563, 578 (2006) (quoting Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988)) (brackets in original).

The parties agreed to submit to a parental capacity and psychological evaluation by Dr. Wald.  Dr. Wald interviewed both parties and their collateral witnesses.  Each party was asked to complete several psychological tests.  He also observed each party with the child at their homes.  He then prepared a written report dated January 11, 2011.  Dr. Wald recommended that

father maintain custody of the child because mother had "serious psychological issues that interfere with [her] ability to effectively parent her child."

In July 2011, mother filed a complaint with the Board of Psychologists against Dr. Wald. The Board determined the complaint was unfounded.

On September 16, 2011, mother filed a motion to exclude Dr. Wald's report. She argued that it was "biased and one-sided." At trial, she again sought to exclude Dr. Wald's report, contending it was inaccurate and incomplete. Initially, the trial court denied the motion because Dr. Wald was scheduled to testify.

Father called Dr. Wald as a witness. Each party had an opportunity to ask him questions. Dr. Wald testified as to his interviews with the parties, tests conducted, and his observations. At the conclusion of his testimony, father asked that Dr. Wald's report be admitted into evidence. Mother again objected because the report was "incomplete." The trial court admitted the report over mother's objection because "[i]t was ordered by the court by agreement of the parties. He's testified to I imagine most things in it already."

"The weight to be given to the opinion of an expert is a question for the trier of fact." Vissicchio v. Vissicchio, 27 Va. App. 240, 247, 498 S.E.2d 425, 429 (1998) (citing Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668-69 (1997) (en banc)). In Vissicchio, appellant argued that the report was inadequate and flawed. Id. This Court held, "Given the completeness of [the doctor's] investigation and report, the trial court was within its discretion in finding the report credible." Id. at 247-48, 498 S.E.2d at 429.

Likewise, in this case, the trial court was within its discretion to find Dr. Wald's report to be credible. The parties initially agreed to Dr. Wald conducting the evaluation. Only after his report contained findings adverse to her did mother object to it. The trial court had the

opportunity to see and hear Dr. Wald testify. The trial court found him to be credible. There was no error in admitting his report.

Assignment of Error 3: Dr. Lassiter's report

Mother argues that the trial court erred by omitting Dr. Lassiter's report into evidence because it contained information relevant to the best interest of the child.

After receiving Dr. Wald's report, mother sought an independent evaluation by Dr. Lassiter, who also prepared a report. Dr. Lassiter did not interview father, and he did not meet the child.[3]

After Dr. Wald testified, mother called Dr. Lassiter as a witness. Each party had an opportunity to ask him questions. Dr. Lassiter testified about his interviews with mother, the tests performed, and his observations. Dr. Lassiter specifically read from his report his conclusion that mother "demonstrates better than adequate knowledge and judgment to be a competent, capable parent." After Dr. Lassiter testified, mother offered his report into evidence. Father objected because his report contained hearsay. Father also argued that Dr. Lassiter "testified to his conclusion, actually read his." The trial court responded, "I'll do the same thing I did with the other one. I'll make it part of the record and sustain the objection. I've heard him testify." The report was marked "refused."

Although the trial court stated that it would treat Dr. Lassiter's report the same as it did Dr. Wald's report, the trial court sustained father's objection and marked the exhibit as refused. This inconsistency is harmless error because the trial court still allowed Dr. Lassiter to testify. Dr. Lassiter even read his conclusions into the record.

---

[3] A colleague of Dr. Lassiter observed mother and the child together and made a report to Dr. Lassiter. Dr. Lassiter's colleague did not testify.

The standard for non-constitutional error is established in Code § 8.01-678, which provides, in pertinent part:

> When it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached, no judgment shall be arrested or reversed . . . [f]or any . . . defect, imperfection, or omission in the record, or for any other error committed on the trial.

Therefore, assuming without deciding that the trial court erred in omitting Dr. Lassiter's report, the error was harmless because Dr. Lassiter testified about his observations and conclusions.

### Assignment of Error 4: Custody

Mother argues that the trial court erred in modifying custody when it failed to find that there was a change of circumstances that justified a change in custody and that the change in custody was in the child's best interests.

"In matters of custody, visitation, and related child care issues, the court's paramount concern is always the best interests of the child." Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990).

"As long as evidence in the record supports the trial court's ruling and the trial court has not abused its discretion, its ruling must be affirmed on appeal." Brown v. Brown, 30 Va. App. 532, 538, 518 S.E.2d 336, 338 (1999). "Where the record contains credible evidence in support of the findings made by that court, we may not retry the facts or substitute our view of the facts for those of the trial court." Ferguson v. Stafford Cnty. Dep't of Soc. Servs., 14 Va. App. 333, 336, 417 S.E.2d 1, 2 (1992).

Mother contends the trial court failed to state that there was a change in circumstances which warranted the change in custody.

"The test [for modifying custody] . . . has two prongs: first, has there been a change in circumstances since the most recent custody award; second, would a change in custody be in the best interests of the children." Keel v. Keel, 225 Va. 606, 611, 303 S.E.2d 917, 921 (1983). "Whether a change of circumstances exists is a factual finding that will not be disturbed on appeal if the finding is supported by credible evidence." Visikides v. Derr, 3 Va. App. 69, 70, 348 S.E.2d 40, 41 (1986) (citing Moyer v. Moyer, 206 Va. 899, 904, 147 S.E.2d 148, 152 (1966)).

In its letter opinion, the trial court started by saying, "This is a most distressing custody case." The trial court acknowledged father's burden to prove that there was a "change of circumstances since the entry of the last custody decree and that a change of custody is in the child's best interest." The trial court then proceeded to examine the factors in Code § 20-124.3. Although the trial court did not specifically state in its letter opinion the change of circumstances, it refers to them throughout the letter opinion. For instance, the trial court noted that mother failed to obtain vaccinations for the child after she was one year old. In addition, the trial court discussed each parent's role in the child's life. The trial court observed that the child spent most of her life with her mother, but the child has been doing well in father's care since May 2010. The trial court then considered the parties' propensity to support the child's contact with the other parent. The trial court stated, "Mr. Britton testified *ad nauseum* about the mother's obstruction of his visitation. . . . I find the mother willfully obstructed his visitation for many months." The trial court's letter opinion emphasized the parents' inability to communicate with one another and ordered that they "shall communicate with each other in person and by telephone." Contrary to mother's arguments, the trial court did communicate a change of circumstances.

In determining what was in the best interests of the child, the trial court reviewed Dr. Wald's assessment of the parties and mother's obstruction of father's visitation. The trial court was deeply concerned with "mother's obstinate refusal to comply with Judge Thomas' order of August 31" to attend a counseling session before she visited with the child. The trial court ruled that joint legal custody would not be possible because "the parents cannot talk to each other."

There is sufficient evidence in the record to support the trial court's ruling that there was a change of circumstances which warranted a change in custody and that it would be in the best interests of the child for father to have sole legal and physical custody.

### Assignment of Error 5: Rule 5A:18

Mother argues that the trial court erred by requiring her to pay one-half of the GAL fees because she contends father created "unreasonable delay and expense."

On April 5, 2011, the trial court entered a "Temporary Order," which included numerous rulings on temporary custody and visitation, the role of the GAL, and that the GAL's fees would be paid equally by the parties. Mother's counsel signed the order, "Seen and objected," with no specific objections.

A statement of "seen and objected to" is insufficient to preserve an issue for appeal. Lee, 12 Va. App. at 515, 404 S.E.2d at 738. However, it can be sufficient "if 'the ruling made by the trial court was narrow enough to make obvious the basis of appellant's objection.'" Herring v. Herring, 33 Va. App. 281, 286, 532 S.E.2d 923, 927 (2000) (quoting Mackie v. Hill, 16 Va. App. 229, 231, 429 S.E.2d 37, 38 (1993)).

Here, the trial court made numerous rulings, so mother's endorsement of the order as "seen and objected to" was not sufficient. Furthermore, mother did not object to the ruling in her closing argument. She did not note any objections to the final order, nor did she file a motion to

reconsider. The page that mother cites to in her appendix as to where she preserved this issue does not include the argument she presents in her brief. Therefore, we will not consider this issue.

<u>Attorney's fees and costs incurred in appeal</u>

Father asks this Court to award him attorney's fees and costs incurred on appeal. <u>See</u> <u>O'Loughlin v. O'Loughlin</u>, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Having reviewed and considered the entire record in this case, we hold that father is entitled to a reasonable amount of attorney's fees and costs, and we remand for the trial court to set a reasonable award of attorney's fees and costs incurred by father in this appeal, including such attorney's fees and costs incurred on remand.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27. We remand this case to the trial court for determination and award of the appropriate appellate attorney's fees and costs.

<u>Affirmed and remanded.</u>